```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT
```

Amon Sylvester,                 :
    Petitioner,             :
                            :
  v.                          :        File No. 1:08-CV-104
                            :
Michael Bellizi,                :
    Respondent.             :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 4 and 5)

Petitioner Amon Sylvester, proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 17, 2006, Sylvester was convicted in state court on one count of lewd and lascivious behavior and one count of domestic assault. He received a sentence of 2 to 5 years on the first count and 0 to 1 year on the second count, all suspended, with a probationary term of one year. Sylvester's § 2254 petition raises several grounds for relief, including ineffective assistance of counsel, biased judging, and an issue related to a subsequent probation violation.

Currently pending before the Court are Sylvester's two motions for release pending a decision on his petition. In the first motion (Paper 4), Sylvester asks for release based upon his belief that he will prevail. The majority of his motion argues that he is not a threat to his community, and

that there is no penological interest served by his current incarceration.  He reports that, without an early release, his scheduled release date is July 14, 2008.

It has long been held that a federal court "has inherent power to enter an order affecting custody of a habeas petitioner who is properly before it contesting the legality of his custody."  Ostrer v. United States, 584 F.2d 594, 596 n.1 (2d Cir. 1978).  However, the Second Circuit has "consistently[ ] emphasized that this power is a limited one, to be exercised in special cases only."  Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001).  For example, in Grune v. Coughlin, 913 F.2d 41, 44 (2d Cir. 1998), the court noted that the standard for release on bail pending a habeas decision "is a difficult one to meet: The petitioner must demonstrate that the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective."  (Internal quotation marks and citation omitted); see also Richard v. Abrams, 732 F. Supp. 24, 25 (S.D.N.Y. 1990) ("[a]n essential factor . . . [has been] the necessity that the petition present merits that are more than slightly in petitioner's favor"); Rado v. Meachum, 699

F. Supp. 25, 26-27 (D. Conn. 1988) (holding that the relevant factors are whether (1) "substantial claims" are set forth in the petition; (2) there is a "demonstrated likelihood the petition will prevail"; and (3) there are "extraordinary circumstances" attending the petitioner's situation which would "require" the grant in order to make the writ of habeas corpus "effective," presumably if granted).

In this case, Sylvester has failed to meet this difficult standard.  His motion for release offers little argument on the merits of his petition, offering only his personal conclusion that he is likely to succeed.  Nor has he shown that his situation presents extraordinary circumstances.  Indeed, there is nothing out of the ordinary about a record of good behavior and a petitioner's own perception that he is not a danger to the community.  Moreover, Sylvester has not shown any reason why his continued custody threatens the effectiveness of the habeas remedy.  I therefore recommend that his initial motion for release (Paper 4) be DENIED.

Sylvester's second motion for release argues that the repondent has failed to answer his petition in a timely

manner. On May 8, 2008, the Court ordered the respondent to show cause why the writ should not be issued, and to do so within 30 days of its order. More than 30 days have passed, and the Court has not yet received a filing from the State. Sylvester claims that, by failing to respond, the State has violated his due process rights and that he is entitled to immediate relief under § 2254.

What Sylvester's motion is essentially asking for is a default judgment in his favor. In Bermudez v. Reid, 733 F.2d 18 (2d Cir. 1984), the Second Circuit made clear that a default judgment should not be granted for a habeas petitioner without a court first reaching the merits of the underlying claim.

> [W]ere district courts to enter default judgments without reaching the merits of the [habeas petition], it would be not the defaulting party but the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them. In this respect, default judgment in habeas proceedings differs from default in other civil cases.

Bermudez, 733 F.2d at 21. Accordingly, a default judgment cannot be entered merely on the basis of the respondent's failure to file a timely answer, and Sylvester's expedited motion for release (Paper 5) should be DENIED.

4

Nonetheless, the respondent's failure to show cause in a timely manner is a matter of concern to the Court, as the petitioner's constitutional rights are at issue.  Therefore, it is hereby ORDERED that the respondent shall submit the required response on or before June 24, 2008.  If the respondent fails to submit such a response, the Court will consider scheduling a hearing on the merits forthwith.

Dated at Burlington, in the District of Vermont, this 17th  day of June, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).