UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Amon Sylvester,                 :
    Petitioner,             :
                            :
  v.                            :    File No. 1:08-CV-104
                            :
Michael Bellizi,                :
    Respondent.             :

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Papers 1 and 7)

Petitioner Amon Sylvester, proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Sylvester was convicted in state court of lewd and lascivious behavior and domestic assault. Although he was given a suspended sentence, he was subsequently incarcerated for violating the terms of his probation. Sylvester's § 2254 petition primarily addresses his initial conviction, which he did not appeal. He did appeal the revocation of his probation, but was unsuccessful.

The respondent argues that Sylvester's petition should be dismissed for failure to exhaust state court remedies. Indeed, the record does not demonstrate that any of the issues raised in the § 2254 petition were ever presented to the Vermont Supreme Court. Accordingly, and for the reasons set forth below, I recommend that the petition be DISMISSED without prejudice for lack of exhaustion.

Factual Background

On April 17, 2006, Sylvester was convicted in state court after pleading guilty to one count of lewd and lascivious behavior and one count of domestic assault. His wife at the time was the victim in both incidents. He received a sentence of 2 to 5 years on the first count and 0 to 1 year on the second count, all suspended, with a probationary term of one year. He did not appeal his conviction.

Sylvester's probation conditions required that he "participate meaningfully in, and complete" the Domestic Abuse Education Program (DAEP) to the satisfaction of his probation officer. State v. Sylvester, 2007 VT 125, ¶ 2. At a probation revocation hearing, witnesses testified that while attending DAEP sessions, Sylvester "minimized his criminal conduct, denied what he had done, and blamed his victim for what had happened." Id. ¶ 3. Consequently, his probation officer concluded that he had not satisfactorily completed DAEP and that his probation should be revoked.

A state court hearing on the probation violation charge was held in early September 2006. The court found that a preponderance of the evidence showed a probation violation, and imposed Sylvester's underlying sentence. Sylvester

appealed the decision.  Id. ¶ 6.

On appeal, the Vermont Supreme Court addressed two arguments.  Sylvester first argued that the evidence did not support a finding that he had "blamed the victim."  The Vermont Supreme Court noted that the lower court made no such finding, and that the record "amply supports the finding that defendant did not participate in a constructive way in DAEP." Id. ¶ 8.  Sylvester's second argument was that the lower court should have used a clear and convincing evidence standard instead of a preponderance standard.  On this point, the Vermont Supreme Court found no error under the federal constitution, and no plain error under the state constitution. Id. ¶¶ 10-13.

Sylvester now brings a habeas corpus petition, setting forth six independent grounds for relief.  First, he contends that his attorney in the underlying criminal case was ineffective.  Second, he argues that the trial court in the underlying case barred the defense from introducing a DNA kit and results of polygraph tests.  Third, he claims that his interrogation in the underlying case violated his Miranda rights.  Fourth, he charges that the judge in the underlying criminal case was biased.  His fifth claim relates to the

probation violation, complaining that the violation arose out of a complaint he filed against one of the DAEP staff. Finally, and again reaching back to the underlying criminal conviction, Sylvester argues that the evidence against him was insufficient. Sylvester has not pursued state-level collateral relief on either his underlying conviction or his probation revocation.

## Discussion

A federal court should not grant a writ of habeas corpus unless the petitioner has exhausted his state court remedies. See § 2254(b)(1)(A). To meet this exhaustion requirement, a petitioner must have presented the state courts with "the same claim he urges upon the federal courts," as a way of giving the state court "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275-76 (1971) (internal citations omitted); see also Jones v. Keane, 329 F.3d 290, 295 (2d Cir. 2003). In order to have "fairly presented" federal claims to the state courts, a petitioner must have (1) "set forth in state court all of the essential factual allegations asserted in his federal petition," and (2) "placed before the state court essentially the same legal doctrine he asserts in

4

his federal petition." Daye v. Att'y Gen. of New York, 696 F.2d 186, 191-92 (2d Cir. 1982) (*en banc*). Complete exhaustion requires a petitioner to "present the substance of the same federal constitutional claims that he now urges upon the federal courts to the highest court in the pertinent state." Aparicio v. Artuz, 269 F.3d 78, 89-90 (2d Cir. 2001) (internal quotation marks and citations omitted).

Here, the respondent argues that Sylvester failed to exhaust his current arguments in state court. Indeed, based upon the Vermont Supreme Court's discussion in the probation revocation appeal, and given that the underlying criminal conviction was never appealed, it does not appear that any of the claims raised in the § 2254 petition were argued at the state court level. See Sylvester, 2007 VT 125.

Sylvester concedes the exhaustion point, stating in his petition that "I failed to exhaust my state remedies due to: The fact that my attorney [in the underlying criminal case] refused to file anything else and told me there were no further state remedies to use." (Paper 1 at 4). He asserts this fact as part of a larger ineffective assistance of counsel claim.

Although ineffective assistance of counsel may provide

5

cause for a procedural default, "the exhaustion doctrine generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 488 (1986). Accordingly, this Court cannot excuse Sylvester's failure to exhaust until he brings his ineffective assistance claim before the state courts.

In his reply memorandum, Sylvester asserts that the failure to exhaust was the fault of his appellate attorney. This is a curious argument, since the bulk of Sylvester's § 2254 claims relate to his underlying conviction, not the probation violation that was challenged on appeal. Nonetheless, Sylvester contends that appellate counsel told him there were "no further remedies that were available to him." (Paper 20 at 2).

Sylvester's factual assertion is at least partially belied by a letter he attached to his memorandum as an exhibit. (Paper 20-2). In that letter, appellate counsel stated his opinion that there were "no potentially fruitful grounds for filing a motion for reargument" before the Vermont Supreme Court. Counsel went on, however, to state that he hoped

Prisoners' Rights was helping Sylvester "find relief in another forum." Id. Reference to "another forum" certainly suggests that there were other remedies available, and that counsel's recommendation of no further action was limited to the issue of re-argument.

In any event, Sylvester has not brought a state court ineffective assistance claim against his appellate attorney. His reply memorandum suggests that any further state remedies are now foreclosed due to timeliness issues, but offers no legal support or citation for his claim.[1] If there is a timeliness problem, Sylvester lays the blame on counsel at Prisoners' Rights. Again, any such claim would need to be exhausted at the state court level before it could be raised here as cause for a procedural default. Murray, 477 U.S. at 488.

In sum, Sylvester attempts to bring a series of claims in his § 2254 petition, none of which were exhausted at the state court level. Because the claims are unexhausted, and absent any argument from the respondent for dismissal with prejudice

---

[1] Although the issue of time limits has not been fully briefed by either party, the Court notes that Vermont's post-conviction review statute does not contain a time limit for filing a petition. 13 V.S.A. § 7131 (prisoner may bring petition "at any time").

due to a procedural bar, I recommend that Sylvester's petition (Paper 1) be DISMISSED without prejudice. Sylvester's motion for an evidentiary hearing (Paper 7) is DENIED as moot.

Dated at Burlington, in the District of Vermont, this 29th day of October, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).